PONDER, Judge,
dissenting.
I dissent.
LSA-R.S. 9:5685 provides that:
“The recordation of all judgments in favor of the state against individuals in the principal amount of one thousand dollars or less, exclusive of interest, costs, penalties or attorney’s fees, shall be prescribed by the lapse of ten years from the date of recordation or rendition of such judgments. Added by Acts 1974, No. 386 § 1.”
If this were an assessment for less than $1,000.00, I would have no difficulty in deciding that it had prescribed and the in *646 scription should be cancelled. In the same manner, the negative implication should be applicable — that is, tax assessments over $1,000.00 have not prescribed. I would therefore reverse.
Furthermore, the legislature’s use of the word prescribed strengthens my view, expressed below, that prescription, not per-emption, is involved.
At any rate, the passage of the act was a vain and useless gesture on the part of the legislature if peremption is applicable to all assessments of whatever amount.
The quotation from Succession of Pizzillo, supra, points out that under peremption lapse of the statutory period operates as a complete extinguishment of the right without possibility of interruption or suspension. Under LSA-C.C. Art. 3369, reinscription “shall preserve their effect for ten (10) years from the date of the timely renewal, . ” It is true that the limitation of interruption and suspension to an extension of 10 years from the date of timely renewal is not entirely consistent with the ordinary qualities of prescription, but I see no particular difficulty with considering Art. 3369 as being a prescriptive period with special attributes assigned by the legislature. The prohibition of the running of prescription against the state unless especially allowed by the constitution or statutes contained in both the 1921[1] and 1974[2] constitution would then be operative.
Picbot v. Recorder of Mortgages, cited in the majority opinion, to me is of doubtful validity. It speaks in terms of the lapsing of a mortgage for failure to reinscribe not being strictly speaking, a matter of prescription and of the accessory right being perempted. From the context I am unable to determine whether the term perempted is used with ordinary or legal connotations. Other cases holding that the time limitation of Art. 3369 is one of peremption have not been cited and I have been unable to find any.
Even if it be peremption I do not believe that it should be allowed to run against the state.
The word “prescription” in the constitutional provisions above cited, I believe to have been used in its broader concept, covering both prescription in its limited legal sense and peremption.
Furthermore, in the absence of a clear requirement of constitution, statute or jurisprudence, I am reluctant to decide that peremption runs against the state, the source of the legal rights of prescription and peremption.
The argument that if Art. 3369 does not provide a period of peremption some difficulty will arise is recognized, but, I believe, has been magnified. We are discussing tax assessments not tax liens. The fact that the only case found on this problem was decided in 1884 does not lead me to believe that the disruption pictured by the appellee and mentioned by the majority would inevitably result.
Furthermore, the running of prescription allowed on all judgments of $1,000.00 or less under LSA-R.S. 9:5685 would make the existence of a tax assessment even rarer. At any rate, if the problem be anywhere as dire as pictured, the legislature is the more appropriate source of relief.
I therefore respectfully dissent.

. Art. 19, § 16
“Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law.”

. Art. 12, § 13
“Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law.”